UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATHAN FELLER, | ) |
| Petitioner, | ) |
| v. | ) Case No. 13-1294 |
| ZACH ROECKEMAN, Warden, | ) |
| Defendant. | ) |

# **O R D E R**

Before this Court is Petitioner, Nathan Feller's ("Feller") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and Defendant's Answer.  For the following reasons the Petition [1] is DENIED.

Feller filed this petition while in custody at Big Muddy River Correctional Center in Ina, Illinois.  On February 11, 2011, he was convicted in the Circuit Court of Putnam County of one count each of aggravated criminal sexual abuse, criminal sexual assault, and aggravated criminal sexual assault.  Testimony at trial established that the victim was 14 years old at the time of the offense and had been blind since birth.  The victim went to Lake Thunderbird with friends and met Feller, who was 31 years old at the time.  Due to her blindness, the victim needed assistance in swimming, and Feller assisted her.  While in the lake together, Feller began kissing and touching the victim, biting her neck and chest.  The victim further testified that he penetrated her vagina.  Feller was sentenced to 20 years' imprisonment on the aggravated criminal sexual assault charge; no sentences were imposed for the lesser charges.

On direct appeal, Feller argued that the evidence was insufficient to prove that he held a position of trust, authority, or supervision with respect to the victim. The Illinois Court of Appeals, Third District, affirmed the conviction and Feller filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court which made the same argument. On January 30, 2013, the Illinois Supreme Court denied the PLA. Feller then petitioned for a writ of certiorari in the United States Supreme Court which was denied on October 7, 2013. Petitioner then filed this Petition arguing: (1) the trial court erred in admitting his confession because he did not receive *Miranda* warnings; (2) the trial court erred in admitting evidence pertaining to his prior conviction for aggravated criminal sexual abuse because the risk of unfair prejudice outweighed its probative value; (3) the evidence was insufficient to establish that petitioner held a position of trust, authority, or supervision with respect to the victim; and (4) the trial court erred in denying his motion for directed verdict at the close of the State's case.

Before considering the merits of a petition for writ of habeas corpus brought under 28 U.S.C. § 2254, a district court must consider whether the petitioner has exhausted all available state remedies. If the answer to this question is "no" the petition is barred for failure to exhaust state remedies. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 112 S.Ct. 387 (1991); Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied*, 109 S.Ct. 1648 (1989). In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Section 2254 provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State ...." 28 U.S.C. § 2254(b). Exhaustion occurs when federal claims have been presented

to the highest state court for a ruling on the merits or when the claims could not be brought in a state court because no remedies remain available at the time the federal petition is filed. Farrell, 939 F.2d at 410; Boerckel v. O'Sullivan, 135 F.3d 1194, 1196 (7th Cir. 1998), rev'd on other grounds, O'Sullivan v. Boerckel, 526 U.S. 838, 845 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court. Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992). This occurs in one of two ways. First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system. Resnover, 965 F.2d at 1458-59. The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 729-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A state law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case. U.S. v. ex rel. Bell v. Pierson, 267 F.3d 544, 556 (7th Cir. 2001). Additionally, a state law ground is deemed

adequate when it is a firmly established and regularly followed state practice at the time it is applied. Franklin v. Gilmore, 188 F.3d 877, 882 (7th Cir. 1999).

Federal review is barred for claims that are procedurally defaulted unless the petitioner can demonstrate cause and prejudice. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 1572-73 (1982); Farrell v. Lane, 939 F.2d 409, 411 (7th Cir. 1991), *cert. denied*, 112 S.Ct. 387 (1991). Cause sufficient to excuse procedural default is "some objective factor external to the defense" which prohibits him from pursuing his constitutional claim in state court. Murray v. Carrier, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.29 397 (1986). Review in federal court is also possible if a fundamental miscarriage of justice would otherwise occur in that a constitutional error probably resulted in the conviction of someone who is actually innocent. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 864-67 (1995). A fundamental miscarriage of justice occurs when a petitioner establishes "a constitutional violation has probably resulted in the conviction of one who is actually innocent. Murray, 477 U.S. at 496.

With respect to claims that are not barred either for failure to exhaust or procedural default, federal courts must employ a strict analysis. A petition must be denied with respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also* Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions.  Id. at 869.  In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on an unreasonable error.  Id. at 870 (internal quotation marks omitted).  A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong."  Id. at 871, 876-77.  Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved.  A petitioner must rebut this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Petitioner's claims that the trial court erred in admitting his confession and evidence that he had a prior conviction for aggravated criminal sexual abuse have been procedurally defaulted.  Feller failed to assert these claims at any point during his state appellate process and has procedurally defaulted them because he did not present them for one complete round of state review.  O'Sullivan, 526 U.S. at 845.  As previously mentioned, procedural default may be excused if Petitioner can show cause and prejudice.  Here, Petitioner does not argue cause and prejudice as to any of the procedurally defaulted claims, and none is apparent from the record.  The same is true with respect to a fundamental miscarriage of justice, none is apparent nor has it been alleged.  Accordingly, because there is no cause and prejudice nor has there been a fundamental miscarriage of justice, these claims are procedurally defaulted and will not be examined by this Court.

Feller further claims that the evidence was insufficient to establish that he had a position of trust or supervision over the victim, which is essentially the same as his claim that the trial court erred in denying his motion for directed verdict. Habeas corpus proceedings are designed to remedy state court decisions that resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). Here, Feller offers no citation to any clearly established Federal law mandating a result contrary to that reached by the Illinois courts. Rather, he simply disagrees with the state court's factual findings.

Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789 (1979), a federal court is empowered to grant habeas relief only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 99 S.Ct. at 2791-92. Congress expressly amended § 2254 to require only a deferential review for reasonableness with respect to mixed questions of law and fact, such as Jackson claims. Gomez v. Acevedo, 106 F.3d 192, 199 (7th Cir. 1997), *referring to* Thompson v. Keohane, 116 S.Ct. 457, 464 (1995).

In considering such a claim, a court must "examine the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 4, *citing* People v. Collins, 106 Ill.2d 237, 478 N.E.2d 267 (Ill. 1985), *quoting* Jackson, 99 S.Ct. at 2789. Here, the record reveals that both the victim and her mother testified that she would have been unable to swim in the lake without assistance as a result of her blindness. The victim further stated that she never

swam in a lake without someone that she trusted to assist her and that she would not have been able to swim to a dock out in the lake and back to the shore without Feller's helping her. The state court found that the victim was reliant on Feller's assistance and that her reliance placed him in a position of trust, authority, or supervision.

Feller is essentially asking this Court to re-evaluate the credibility of the trial witnesses. This is something a district court conducting habeas corpus review pursuant to § 2254 cannot do when assessing a sufficiency of the evidence claim. Schlup, 115 S.Ct. at 868; United States v. Kellum, 42 F.3d 1087, 1091 (7th Cir. 1994). In conducting this review, a court "neither weighs the evidence nor assesses the credibility of witnesses, even when the evidence at trial is totally uncorroborated." United States v. Davis, 15 F.3d 1393, 1397-98 (7th Cir. 1994).

Upon review of the facts contained in the state court record, this Court cannot find that the state court's determination that the evidence was sufficient to find beyond a reasonable doubt that Feller occupied a position of trust and supervision or oversight over the victim even if only for a brief time while assisting her in the water exceeded the bounds of reasonableness. Accordingly, the state court determination "must be respected--not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation must be reserved for grave occasions." Gomez, 106 F.3d at 201. Thus, Feller's petition for writ of habeas corpus must be denied with respect to these claims.

For the foregoing reasons, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 [1] is DENIED. This matter is now terminated.

ENTERED this 20th day of March, 2014.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge